UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN VEAL,

        Petitioner,

        v.          CAUSE NO. 3:19-CV-658-DRL-MGG

WARDEN,

        Respondent.

OPINION & ORDER

Justin Veal, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Branchville Correctional Facility[1] (BTC 17-12-0262) in which he was found guilty of assault/battery in violation of Indiana Department of Correction offense B-212. (ECF 1.) He was sanctioned with a loss of 60 days of earned-time credits and a demotion in credit-earning class. (*Id.* at 1.)

The charge was initiated on December 16, 2017, when Sergeant W. Allen wrote a conduct report stating as follows:

> On December 16, 2017 at approx. 1:00 pm, I, Sgt. W. Allen, turn offed the T.V.2 television because a group of offenders was making unreasonable amount of noise. Offender Veal, doc 194924, came up to the OIC desk and said "Allen, why you stepping only on the black guys?" I informed him to turn around to cuff up. I placed my … left hand on Offender Veal right hand and attempted to place the cuff on his wrist using my right hand, when Offender Veal pulled away. While I attempted to cuff up again, he tried to turn on me, I had a hold of his wrist and tried to turn him against the wall. At this time he pushed off the wall knocking my glasses off my face. I pushed him away and pulled out my OC and ordered him to cuff up or I will spray. At this time he turned around and placed his hands behind

---

[1] Mr. Veal has since been transferred to Indiana State Prison. (ECF 1 at 1.)

> his back. I placed the mechanical restraints on the left wrist and then on the right wrist. Then I called for yard staff for an escort.

(ECF 8-1) (errors in original). Officer D. Sitzman provided the following witness statement:

> I, Ofc. Sitzman, on 12/16/17 at approximately 1:00 had let offenders out during movement through the front gate. As I entered the day room I witnessed Sgt Allen pushing offender Veal off of him and draw his OC spray. I made my way to back up Sgt Allen who was again attempting to place offender Veal in handcuffs. Offender Veal was advised to stop resisting and comply eventually doing so and placed into hand cuffs. While exiting the dorm offender Veal was belligerent and profane and continued to pull away from Sgt Allen he was advised to comply and to stop. Sgt Allen escorted offender Veal to responding yard staff.

(ECF 8-6) (errors in original).

On December 22, 2017, Mr. Veal was formally notified of the charge and given a copy of the conduct report. (ECF 8-2.) He pleaded not guilty and requested a lay advocate, and one was appointed for him. (*Id.*) He requested witness statements from inmates Emmitt Morris and Dionta Bonner. (*Id.*) He also requested "video of incident & a few minutes prior to incident," and a copy of his medical records to show he had previously been shot in the back, which he claimed "caused his reaction when grabbed." (*Id.*)

Thereafter, statements were obtained from the two inmates. Mr. Morris stated as follows:

> The seg officer allen asked a simple question about sports by Justin Veal then officer allen out of nowhere got out his Element and Started talking crazy to Mr. Veal and poiting his Finger at Mr. Veal then Mr. Veal Stated why are you talking to me like I am a child then Mr. Allen Forced his hands on Mr. Veal and put him in cuffs and moved him out to segregation.

(ECF 8-4) (errors in original). Likewise, Mr. Bonner stated as follows:

2

> The offender asked a simple question to Sergent Allen. Allen the responded in anger and forcefully tried to restrain Mr. Veal. The Offender then acted in complete dismay while he was apprehended. This whole situation appeared to be totally taken out of hand by Sergent Allen.

(ECF 8-5) (errors in original). The hearing officer also viewed the video from the incident and summarized it as follows:

> Video shows that you walk up to the A dorm OIC desk and as you are walking up you are facing the Officer behind the desk. As you are speaking to him and the dorm OIC gets up out of the chair, as he is doing this he is reaching for his mechanical restraints. During this time you both are facing each other, speaking. The dorm OIC goes to place the mechanical restraint on your right wrist since you have not turned around for him to place them on you properly, you are still facing him. As he is trying to place you in the restraints, you pull your wrist away from the OIC. As you are resisting the orders and placement of restraints, the OIC turns you and tries to place you towards the wall, so you are no longer facing him. During this time you are still struggling and resisting the OIC and even turn back around to face the OIC, Your arms and hands are spread out away from your body, still resisting the placement of mechanical restraints. At this time you place your hands on the OIC and shove him away from you as you are stepping backwards. The OIC then pulls out his OC spray as he is talking to you trying to get you to comply. AT this time the second officer walks in for assistance and you finally comply to mechanical restraints and the you are escorted to RHU.

(ECF 8-7) (errors in original). Mr. Veal was also provided with a medical record reflecting that he told medical staff he had been shot in the back prior to his incarceration. (ECF 8-8.)

On January 8, 2018, the hearing officer held a hearing on the charge. (ECF 8-3.) The hearing officer summarized Mr. Veal's statement in his defense as follows:

> Offender states that he disagrees with the video. States that he only pushed off of the wall and was not trying to resist to the officer. States he does not even remember placing his hands on the Officer. States that he feels like he is in a trance when all of this happened.

(*Id.*) (errors in original). Based on the evidence, the hearing officer found Mr. Veal guilty. (*Id.*) He was sanctioned with the loss of 60 days of earned-time credits, temporary placement in restrictive housing, and a demotion in credit-earning class. (*Id.*)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment's due process clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Veal first claims that he was denied the right to "present and evaluate" evidence. (ECF 1 at 2.) The full panoply of rights available at a criminal trial are not applicable in the prison disciplinary context, and inmates have no general right to "confront and cross examine adverse witnesses." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Nevertheless, an inmate does have a right to request and present evidence when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 564.

At screening, Mr. Veal requested witness statements from two other inmates, and those statements were obtained. (ECF 8-4; ECF 8-5.) The statements did not directly undercut Sergeant Allen's account that Mr. Veal had resisted his efforts to handcuff him

4

and pushed him in the process; rather, these inmates merely offered their opinion that Sergeant Allen had overreacted to the situation. *See Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) (observing that "exculpatory" in the prison disciplinary context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt").

Mr. Veal also requested the surveillance video and medical records showing that he had previously been shot in the back. Both pieces of evidence were considered by the hearing officer. (ECF 8-3.) Mr. Veal appears to complain that the video was not turned over to him so he could personally review it. Mr. Veal had a right to request evidence in his defense, but not necessarily to personally review the evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *Id.* This circuit has recognized that disclosing video evidence to inmates entails security risks. *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). Specifically, the prison has a "bona fide security justification for non-disclosure," because viewing the video "might allow the inmate to learn the location and capabilities of the prison surveillance system, thus allowing him to avoid detection in the future." *Jones v. Cross*, 637 F.3d 841, 848-49 (7th Cir. 2011) (citation and internal quotation marks omitted). The court has reviewed the camera evidence and concludes that disclosure to Mr. Veal would pose the security risks outlined by this circuit. Additionally, based on this court's viewing, the video was inculpatory rather than exculpatory. *See Rasheed-Bey*, 969 F.2d at 361. He has not established a due process violation.

5

It appears that Mr. Veal may also be challenging the sufficiency of the evidence. (*See* ECF 1 at 2.) Specifically, he suggests that he should not have been found guilty because he was previously shot in the back, which in his view explains his reaction to Sergeant Allen. (*Id.*) There need only be "some evidence" to support the hearing officer's decision to satisfy due process. *Hill*, 472 U.S. at 455. Under the law:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). In other words, prison disciplinary bodies are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports the decision. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the conduct report, the video evidence, and Officer Sitzman's witness statement provide sufficient evidence that Mr. Veal pushed Sergeant Allen while resisting the officer's attempts to handcuff him. Mr. Veal does not clearly explain why having been shot prior to his incarceration exonerated him from the charge, but a prior injury did not give him the right to disobey the officer's command or physically resist the officer as he tried to handcuff him. "Self-defense" and "justification" are not recognized defenses in the prison disciplinary context. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). That is because "encouraging inmates to combat violence with more violence subverts a core prison function of ensuring order and safety within the institution." *Id.*;

*see also Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984) ("Inmates cannot be permitted to decide which orders they will obey, and when they will obey them."). Based on the record, he has not established a due process violation.

As a final matter, Mr. Veal includes the following statement in his petition: "The Petitioner will seek leave to amend his petition if required to do so by the Court. 28 U.S.C. § 2245; Evidence; depositions; affidavits; On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or in the discretion of the Judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits." (ECF 1 at 2.) The court cannot discern within this statement a viable constitutional claim, nor has Mr. Veal sought leave to amend his petition to add additional claims.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED.

October 16, 2020                         *s/ Damon R. Leichty*
                                          Judge, United States District Court